BOARD OF COUNTY COMMISSIONERS OF COOK COUNTY
v. WILLIAM FISHER and Others.

May 8, 1900.

Nos. 11,958—(64).

**Salary of County Auditor—G. S. 1894, § 720.**

Under G. S. 1894, § 720, in counties where the valuation of taxable property does not exceed the sum of $1,500,000, the salaries of county auditors are computed upon the following basis: Six mills on each dollar of the first $100,000, and one mill on each dollar of all amounts in excess of $100,000 up to $200,000 of such excess, and one-third of one mill on each dollar on all amounts in excess of said last-named sum. County of Mower v. Williams, 27 Minn. 25, followed.

Action in the district court for St Louis county against William Fisher, county auditor of Cook county, and Edward F. Patterson and E. R. Jefferson, sureties on his official bond, to recover the sum of $133.39, alleged to have been drawn out of the county treasury by said Fisher in excess of his salary for the years 1892 and 1893. A second action was also brought by the same plaintiff against Fisher and his sureties to recover the sum of $127.53, alleged to have been drawn out by him in excess of his salary for the years 1896 and 1897. From orders, Cant, J., sustaining a demurrer to the complaint in each action, plaintiff appealed. Affirmed.

*L. U. C. Titus*, for appellant.
*Baldwin & Baldwin*, for respondents.

LEWIS, J.

G. S. 1894, § 720, provides for the salaries of county auditors, and, as to the material facts now under consideration, reads as follows:

"The salary of the county auditors shall be regulated by the value of the property in their respective counties, as fixed by the state board of equalization for the preceding year, as follows: In counties where the amount of taxable property does not exceed the sum of one and one-half million dollars, they shall be entitled to receive six mills on each dollar of the first one hundred thousand dollars, and one mill on each dollar of all amounts in excess of said last-named sum, and less than two hundred thousand dollars, and one-third of one mill on each dollar on all amounts in excess of said last-named sum. In counties where the value of the taxable property for the preceding year, as fixed by the said board of equalization, exceeds the sum of one and one-half million dollars, the county auditor shall be entitled to receive five mills on each dollar of the first one hundred thousand dollars, and one-half of one mill on each dollar of all amounts in excess of said sum and less than two million dollars, and one-fifth of one mill on each dollar of all sums in excess thereof."

The defendant William Fisher was county auditor of Cook county during the years 1893 and 1894. The value of the taxable property in Cook county, as fixed by the state board of equalization for the year 1892, was $724,818, and for 1893 the value of the property so fixed was $760,870. The complaints charge that upon this valuation the auditor's salary for 1893 was $874.94, and for 1894 was $886.96. That he drew out of the county treasury $941.62 as his salary for 1893, and $953.67 as his salary for 1894; and judgment is demanded against the auditor and his bondsmen for the excess of $133.39. Defendants demurred to the complaints upon the ground that they do not state facts sufficient to constitute a cause of action, and plaintiff appeals from an order of the district court sustaining the demurrers.

This statute was construed by this court in the case of County of Mower v. Williams, 27 Minn. 25, 6 N. W. 377, the court there having under consideration that branch of the section referring to salaries based on a valuation in excess of $1,500,000, and it was there held that the words "less than two million dollars" were intended to limit the amounts of the excess over the first $100,000,

and that the auditor in that case was entitled to compute his salary as follows: Five mills on the first $100,000, and one-half of one mill on the excess of $100,000, which excess should not exceed $2,000,000. In the case before us the auditor computed his salary at six mills on $100,000, and one mill on $200,000 in excess of the $100,000, and one-third of one mill on the excess of the last-named amount. Appellant claims that the computation should have been as follows: Six mills on the first $100,000, and one mill on the next $100,000, and one-third of one mill on the excess of the last-named amount. A free and natural reading of this language would seem to lead to the construction as contended for by appellant. It is not the plainest way to put it, but the limitation naturally applicable to the words "and less than two hundred thousand dollars" is that the one mill shall apply to no amount in excess of that amount. If the matter were before us for the first time, we should be inclined so to construe this language. But there is room for argument upon the other side. If the legislature intended to say that the one mill shall not apply to an amount in excess of $200,000, why was it not so stated in direct words, instead of using the words "and less than two hundred thousand dollars"? Again, it is something of an effort to keep the mind from reading in and connecting with the words of limitation the words "of such excess," as the court did in the opinion in County of Mower v. Williams, supra.

While admitting that the decision referred to was probably wrong, yet it has stood as the law of the state for twenty years. It has been accepted as such in computing the salaries of county auditors. The legal advisers of the state and counties have accepted it as the law. The legislature has not seen fit to change it, although other parts of that section have been amended, and we are of the opinion that, if overruled, hardship would follow in subjecting officers who have acted in good faith, placing reliance upon it. It is more important that the law on the subject be stable, fixed, and certain than that the statute receive an absolutely accurate construction after all these years.

Order affirmed.